BENSON's Lessee *vs.* MUSSETER.—June, 1826.

G, being seized of two tracts of land called *C* and *W*, of which *W* was the eldest, devised *C* to *F*, and by a subsequent clause in his will directed that *W* should be sold for the payment of his debts. Under this direction *W* was sold to *M*. The lines of the two tracts conflicted, and in an ejectment by the devisee of *C*, the junior tract, against *M*, to recover that part of *C* which was included within the lines of *W*, the elder tract—*Held*, that the plaintiff was not entitled to recover. That the true construction of the devise of *C* was, that the devisee thereof took only so much of that tract as was not covered by the lines of *W*, the elder tract.

Under a demise of an entire tract of land less than the whole may be recovered, but it must be an entire, and not an undivided interest.

APPEAL from *Frederick* County Court. Ejectment for a tract of land called *Convenience*. The defendant, (now ap-

pellee,) took defence on warrant, and plots were made. Issue joined on the plea of not guilty. At the trial the plaintiff gave in evidence the plots and explanations, made on his part, to show his claim and pretensions, and the patent for the tract of land called *Paris*, granted to *John Waters*, (son of *John*,) on the 4th of May 1752, for 100 acres. He also gave in evidence the patent for the tract of land called *Convenience*, located upon the plots, granted to *Thomas Johnson*, junior, on the 27th of July 1765, for 219 acres. The beginnings of both the said tracts, as located upon the plots, were admitted by the defendant to be truly located. The plaintiff also gave in evidence a deed from *Thomas Johnson*, junior, the patentee of *Convenience*, and of a tract of land called *The Resurvey on Wild Cat Hill*, to *Thomas Neill*, for *Convenience*, containing 219 acres, and for part of *The Resurvey on Wild Cat Hill*, containing 319 acres, dated the 6th of June 1776. Also the patent for *The Resurvey on Wild Cat Hill*, as located upon the plots by the defendant, granted to *Thomas Johnson*, junior, on the 25th of March 1765, for 1630 acres. Also a deed from *Thomas Neill*, for *Convenience*, and part of *The Resurvey on Wild Cat Hill*, which was conveyed to him by *Thomas Johnson*, junior, to *Gilbert Falconer*, dated the 30th of April 1778. He also gave in evidence the last will and testament of the said *Gilbert Falconer*, dated the 10th of July 1779, containing, among other devises, the following: "I give and bequeath to my son *Gilbert* all that tract or parcel of land known by the name of *Convenience*, lying and being in *Frederick* county, containing two hundred and nineteen acres more or less, to him and his heirs forever. *Item*.—It is also my will and desire, that all that tract or parcel of land, being part of a tract of land called *The Resurvey on Wild Cat Hill*, lying and being in *Frederick* county, containing three hundred and nineteen acres more or less, shall be sold at public vendue by my executor and executrix, and the money arising from the sale thereof to be applied in discharge of my just debts, and the overplus, (if any,) to be for the use of my family, in purchasing such necessaries of life as may be wanting for their support and maintenance. And lastly, I do constitute and appoint my son *Gilbert* and my dear wife, executor and executrix of this

my last will and testament." The plaintiff also gave in evidence that *Gilbert Falconer,* the testator, soon after making the said last will and testament, died without revoking it, and that after his death, his son *Gilbert Falconer,* the devisee of *Convenience,* executed on the 17th of September 1779, a deed of bargain and sale to *John Benson,* the lessor of the plaintiff, for *Convenience,* described by courses and distances, and containing 219 acres, agreeably to the patent. The defendant then on his part gave in evidence a deed, dated the 30th of May 1780, from *Gilbert Falconer* and *Margery Falconer,* the executors named in the will of *Gilbert Falconer,* the father, to one *Worthington,* for part of *The Resurvey on Wild Cat Hill,* and which is the same part of said tract that was conveyed to *Gilbert Falconer,* the father, as herein before stated, describing the same by courses and distances, containing 319 acres. The defendant then prayed the court to direct the jury, that the plaintiff upon the whole evidence was *not entitled to* recover. Which direction the Court [*Shriver,* A. J.] gave. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, STEPHEN, ARCHER, and DORSEY, J.

*R. Johnson* and *Gill,* for the Appellant. It is admitted in this case that *Gilbert Falconer,* under whom the lessor of the plaintiff and the defendant claim, died seized of a tract of land called *Convenience,* as located on the plots, and a part of a tract of land called *The Resurvey on Wild Cat Hill,* as also located on the plots, the location of which lands conflict as exhibited by the plots, and before his death made the will contained in the record. It is admitted that *The Resurvey on Wild Cat Hill* is an elder tract than *Convenience.* The question is, whether the devisee of *Convenience* is entitled to that tract according to its original location? If he is, the judgment of the court below must be reversed. If the devisee of the part of *The Resurvey on Wild Cat Hill,* under a true construction of his devise, is entitled to claim to the outlines of *The Resurvey of Wild Cat Hill,* then the judgment of the court below is right.

To show that the devise to *Gilbert,* the son, passed the whole

of the tract called *Convenience*, they cited *Huntt & Parks vs. Gist*, 2 *Harr. & Johns.* 505. *Hawkins vs. Hanson*, 1 *Harr. & M'Hen.* 523. *Buchanan's Lessee vs. Steuart*, 3 *Harr. & Johns.* 329. *Hammond vs. Ridgely's Lessee*, 5 *Harr. & Johns.* 245. *Coke Litt.* 112, b, *(note* 1.) and *Ridout vs. Pain*, 3 *Atk.* 493.

*Taney*, for the Appellee. *The Resurvey on Wild Cat Hill* is the eldest tract, and it is the last tract devised; and the last clause in a will revokes a devise of the same thing in a prior clause.

BUCHANAN, Ch. J. delivered the opinion of the Court. It is admitted by counsel, that *Gilbert Falconer*, under whom the appellant and appellee both claim, died seized of the tract of land called *Convenience*, and a part of the tract of land called *The Resurvey on Wild Cat Hill;* that the locations of the two tracts of land conflict; and that that portion of land lying within the outlines of *Convenience*, which the suit was brought to recover, is embraced by the outlines of that part of *The Resurvey on Wild Cat Hill*, of which *Gilbert Falconer* died seized. And the question is, whether his son and devisee *Gilbert Falconer*, took under the devise to him of *Convenience*, all the land lying within the outlines of that tract, or only so much as was not covered by *The Resurvey on Wild Cat Hill*, the elder tract?

The devise of *Convenience* being of that tract by name, and of course sufficient to pass all the lands included within its outlines, if there was nothing to control or restrict it to a smaller quantity, and the devise in relation to the part of *The Resurvey on Wild Cat Hill*, which was owned by *Gilbert Falconer*, the testator, being also by name, and the outlines of that part of *The Resurvey on Wild Cat Hill* embracing that portion of land included within the outlines of *Convenience*, for which the suit was brought, it would follow, that the same land was twice devised; *first* to *Gilbert Falconer*, under the devise to him of *Convenience;* and *secondly*, to be sold by the executor and executrix of the testator, for the payment of his debts, under the devise in relation to that part of *The Resurvey on Wild Cat Hill*, of which he died seized. And under a literal application

of the old rule, that the last will shall prevail, neither *Gilbert Falconer*, the devisee of *Convenience*, nor the appellant, his grantee, would be entitled to any part of the land so devised to be sold for the payment of the debts of the testator.

But considering the appellant, and the defendant who was the purchaser of all the land devised to be sold for the payment of the testator's debts, as tenants in common of that portion of land affected by the two devises, the appellant could not recover in this action, the only count in the declaration being on a demise of an entirety. For, though under a demise of an entire tract of land less than the whole tract may be recovered, yet on the authority of *Carroll & others Lessee vs. Norwood's heirs*, 5 *Harr. & Johns.* 164, under a declaration on a demise of an entirety, an undivided part cannot be recovered.

But without resorting to this technical doctrine, it appears to us that the appellant is not entitled to recover, on a plain and fair construction of the will of *Gilbert Falconer*. In the deed to him from *Thomas Neill*, *Convenience* is described as containing "two hundred and nineteen acres more or less," and the part conveyed to him by the same deed, of *The Resurvey on Wild Cat Hill*, is described as containing "three hundred and nineteen acres more or less;" and in his will he describes the same lands in the same way, probably without knowing that any of the lines interfered with each other; and intending, as it would seem, to dispose of both as he got them, according to their correct locations, whatever they might respectively be, without any very particular regard to the quantity of land that either might contain; but manifesting, by the use of the words "more or less," in designating the quantity, the supposition that they might not contain the number of acres stated, and leaving those interested to take whatever they might respectively contain, according to their proper relative locations; without intending to direct that either of them should be held, according to the courses and distances expressed in the grant, but that both should pass, according to the legal operation and effect of the respective grants. And the grant of *Convenience*, being the junior grant, the location of that tract of land is controled by the true original location of *The Resurvey on Wild Cat Hill*, the elder tract, and by operation of law re-

stricted to contain only so much land as lies clear of the lines of *The Resurvey on Wild Cat Hill,* and passed to the devisee *Gilbert Falconer,* subject to that restriction. For it cannot well be supposed, that if the testator had intended to give to the devisee of *Convenience* all the land embraced by the outlines of that tract, no matter how they might interfere with the lines of *The Resurvey on Wild Cat Hill,* that he would immediately after, in the same will, and in the very next clause, have made the unrestricted devise he did in relation to his part of the latter tract.

JUDGMENT AFFIRMED.